## STEWARD, ordinary, *vs.* PEYTON.

Where an election was held, under §1455 of the code, on the question of fence or stock law for a militia district, it was the duty of the ordinary to declare, as the result of such election, that fence or stock law had received a majority of the votes cast, and, as a result, that one or the other was the law of the district. It was not sufficient to merely state that the ordinary found the result to be, "stock law, 56 votes; fence, 77 votes; for fence, 1 vote," without more; and while it is the province of the ordinary to decide the result without appeal, yet if he refuses to declare the result at all, he may be compelled to do so by *mandamus.*

November 9, 1886.

Elections.    Ordinary.    Fence.    *Mandamus.*    Before Judge RICHARD H. CLARK.    Dekalb Superior Court.    March Term, 1886.

Peyton filed his petition for *mandamus* requiring the ordinary of Dekalb county to declare and proclaim the result of an election, held under §§1449–1455 of the code, known as the stock-law.   Attached to the petition as an exhibit was the statement or declaration of the ordinary, which is set out in the decision, and which was charged not to be a legal declaration of the result.

The ordinary demurred to the petition; the demurrer was overruled; and no further answer being made, a *mandamus* absolute was granted.   The ordinary excepted.

CANDLER, THOMSON & CANDLER, for plaintiff in error.

ALEXANDER & TURNBULL, for defendant.

JACKSON, Chief Justice.

The superior court granted the writ of *mandamus*, and made it absolute against the ordinary of Dekalb county, directing him to declare the result of an election on fence or stock-law in the 572d district of that county. The only real issue made by the ordinary, who brings the case here, and by assignment.of error makes the point, is that he has declared the result already. He merely states certain votes as being "fence," others "stock-law" and one "for fence," thus:

"Upon canvassing the vote of an election held in the 572d district, G. M., on the 11th day of September, 1884, upon the question of fence or stock law, I find the following to be the result:

Stock-law.......................................................56 votes
Fence...........................................................77   "
For fence........................................................ 1   "

JOHN B. STEWARD, ordinary."

Does this paper declare the result of the election in the sense of the statute? Code, §1455. We do.not think it does. The notice should declare that fence had received a majority, or stock-law a majority, as the case may be, in the judgment of the ordinary, and that the result is that "stock-law" is the law of the district, or that "fence" is the law of the district, as the result of the election, so that the people of the district may know the law thereof on the point passed upon therein by the voters voting at the election.

In *Dyson, ordinary, vs. Pope*, 71 *Ga.* 205, "the ordinary, acting on these returns, proclaimed by publication that said election had resulted in a majority for "no fence." On what returns? The "consolidated returns" that showed that "fence" had received 491 votes and "no fence" 561. See report of the case, page 206. To the application for *mandamus*, the ordinary demurred upon the ground that, in declaring that result, to-wit, that said election had resulted in a majority for "no fence," "he had

done in the premises all the law required; that having acted in the case and announced the result, *mandamus* would not lie to compel him to act again, whether his judgment was right or wrong," etc.   The court sustained this view, and citing §1455 of the code, held that questions touching his interference with the count "must be made before he proclaims the result," thus recognizing the result in the statute as meaning a decision that one or the other had got a majority, which was declared in that case to be " no fence."   The court then go on to say "that the ordinary proclaimed the result," and that "no points, questions or issues having been made before him, he did right in proclaiming the result as consolidated"— that is, consolidated by the managers, as in county elections for the legislature.   Thus the *Dyson* case clearly decides that a declaration of the result should proclaim which side had the majority, and thus what was the law of the district, or rather, in that case of the county; and such must be the meaning of the statute, because, otherwise, no man could know the law of his district in regard to stock, and whether he should keep his up or turn them out.

But this ordinary does not declare the result.   He merely gives three votes, one " fence," one " for fence " and one " stock-law," without saying which has the majority and is thereby the law of the district.   He may decide that " fence," according to the law of the election, has but one vote that is legal—that is the vote " for fence," in which event " stock-law " has a majority, or he may decide that the votes " fence " mean " for fence," and comply with the statute touching the election, and therefore "for fence " has the majority and is the law of the district.   He must decide one or the other way and let the people know what law to obey.   We would tell him how to decide, but it is his own judgment without appeal that must rule, as we have held again and again.   But the court can make him by *mandamus* decide the issue according to his judgment, and so Judge Clark ruled.   As a ministerial officer, or

judicial either, clothed with power to decide, he must decide, and if he will not, Judge Clark is right to direct that he do it.

Nothing in our decisions contravenes this view of the law. To us it is plain. See also *Tharpe vs. Hardison*, 69 *Ga.* 280, where the " result " was construed the same way.

Judgment affirmed.